UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTOFFER GRADDY,

    Petitioner,       CIVIL ACTION NO. 06-CV-10256-DT
                                CRIMINAL ACTION  03-CR-80047-D1

vs.

                                DISTRICT JUDGE AVERN COHN
                                MAGISTRATE JUDGE DONALD A. SCHEER

UNITED STATES OF AMERICA,

    Respondent.

_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: The instant Motion to Vacate, Set Aside, or Correct Sentence should be denied as Petitioner failed to file his claim within the applicable one-year period of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

\* \* \*

Petitioner, by and through retained counsel, filed a Motion to Vacate, Set Aside, or Correct Sentence, under 28 U.S.C. § 2255, on January 12, 2006, alleging violations of his federal constitutional rights to due process incident to his guilty plea before United States District Court Judge Avern Cohn. As a result of a Rule 11 plea bargain agreement, which fully set forth the promises made by both parties,[1] the Petitioner pled guilty on April 23,

---

[1] In consideration of the plea, the government agreed that the maximum custody sentence would not exceed 87 months. The district court later sentenced Petitioner to a

2003, to one count of distribution of cocaine base (5 or more grams) in violation of 21 U.S.C. § 841(a)(1). Petitioner was later sentenced to the custody of the Attorney General for a term of 70 months.  As promised in the plea bargain agreement, Petitioner did not file an appeal to the Sixth Circuit Court of Appeals.

Petitioner asserts that the district court erred when it enhanced his sentence for a factor allegedly not charged in the indictment or admitted to during the plea hearing. Specifically, Petitioner maintains that he should not have been given a two point sentence enhancement under 2D1.1(b)(1) for possessing a dangerous weapon.  He further claims that he should not have been given a two point sentence enhancement for being on probation at the time of the instant offense.  He argues that he should be re-sentenced in accordance with the recently announced Supreme Court decision in United States v.Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). Petitioner argues that his sentence was imposed in violation of Blakely v. Washington, 524 U.S. 296, 124 S.Ct. 2531 (2004) because the trial judge increased his sentence based on findings of fact made by the judge. This claim is now governed by the Supreme Court's intervening decision in Booker, which applied the Blakely reasoning to the Federal Sentencing Guidelines, holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756.

---

term of 70 months' imprisonment on Count two of the indictment (distribution of 5 grams or more of cocaine base). (See Transcript of Plea Agreement at Docket #13).  As provided in the plea agreement, all other counts in the indictment were dismissed.

The Respondent filed an answer to Petitioner's motion on February 7, 2006, contending that since Petitioner's plea agreement based conviction became final before Booker, he was not entitled to any relief because the Supreme Court explicitly provided that its holding in Booker was to be applied only to cases on direct, not collateral, review.

Prior to the AEDPA's enactment, a federal prisoner could file a section 2255 motion at any time. United States v. Lopez, 100 F.3d 113, 116 (10th Cir. 1996). That changed, however, with the enactment of the AEDPA on April 24, 1996.  Among other things, the Act amended 28 U.S.C. § 2255 to provide a one year statute of limitations for petitions brought thereunder. Specifically, section 2255 now reads in pertinent part as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;[2]
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

---

[2]The United States Supreme Court has defined a federal conviction as being final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." Griffith v. Kentucky, 479 U.S. 314, 321 n. 6 (1987) (citing United States v. Johnson, 457 U.S. 537, 542 n. 8(1982)).

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Since Petitioner's conviction became final ten days after the sentencing judgment was entered (September 2, 2003), well after the effective date of the AEDPA (April 24, 1996), the one year limitation period must be applied. Since Petitioner did not file an appeal with the Sixth Circuit Court of Appeals, the one year time frame in which to file a § 2255 motion expired on September 2, 2004. Clay v. United States, 537 U.S. 522 (2003). By waiting until January 12, 2006, Petitioner has failed to file the instant § 2255 motion in a timely manner.

In his brief in support of the instant § 2255 motion, Petitioner contends that his petition was timely because it was filed within one year from the date of the decision in Booker. As Respondent correctly pointed out, a right newly recognized by the Supreme Court must be made retroactively applicable to cases on collateral review. See § 2255 ¶6(3). The Booker Court explicitly provided that its holding was to be applied only to pending cases on direct review United States v. Booker, 125 S.Ct. at 769. The Sixth Circuit in Humphress v. United States, 398 F.3d 855, 859 (6th Cir. 2005), concluded that Booker created a new rule of criminal procedure which did not apply retroactively to convictions that had become final on direct appeal. Since Petitioner's conviction became final on September 2, 2004, well before the Booker decision was announced, the instant petition was not timely and he is not entitled to sentence relief.

Accordingly, I recommend that the instant Motion to Vacate, Set Aside, or Correct Sentence be denied. The parties are advised that any objection to this Report and

Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Cohn's acceptance thereof is waived.

                                              s/Donald A. Scheer
                                              DONALD A. SCHEER
                                              UNITED STATES MAGISTRATE JUDGE

DATED:  April 10, 2006

_____

### CERTIFICATE OF SERVICE

     I hereby certify on April 10, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 10, 2006.  **None.**

                                              s/Michael E. Lang
                                              Deputy Clerk to
                                              Magistrate Judge Donald A. Scheer
                                              (313) 234-5217